**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID RUFFIN, : | |
| Plaintiff : | CIVIL ACTION NO. 3:17-0052 |
| v : | |
| | (JUDGE MANNION) |
| SUPERINTENDENT V. MOONEY : et al., | |
| : | |
| Defendants | |

**MEMORANDUM**

**I. Background**

Plaintiff, David Ruffin, an inmate formerly confined in the Luzerne County Jail, Wilkes-Barre, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The Plaintiff names as Defendants, various employees of the Department of Corrections. Id. On July 3, 2017, Plaintiff filed a notice of change of address, indicating he had been transferred to the Luzerne County Prison. (Doc. 14). Also on July 3, 2017, Plaintiff filed an amended complaint. (Doc. 16). These two filings were Plaintiff's last communication with this Court.

On November 20, 2017, Defendants filed a motion to dismiss the above captioned action for Plaintiff's failure to prosecute, pursuant to Fed.R.Civ.P. 41(b). (Doc. 21). Defendants request this Court take judicial notice of Ruffin v. Mooney, Civil No. 3:16-cv-1986, which was dismissed by Memorandum and

Order dated November 17, 2017, pursuant to [Fed.R.Civ.P. 41(b)](#), for Plaintiff's failure to prosecute. The factual background of the Court's November 17, 2017 Memorandum revealed that by Order dated October 26, 2017, the Court denied Plaintiff's June 5, 2017 motion for entry of default. Id. On November 8, 2017, this Court's October 26, 2017 Order was returned as undeliverable, with the notations "return to sender", and "inmate released". Id. Ruffin had not communicated with the Court on this matter since the filing of his motion for entry of default on June 5, 2017. Id. A search of the Department of Corrections inmate locator confirmed that Ruffin was no longer incarcerated. Id. See also [www.inmatelocator.cor.state.pa.](#) As such, this Court dismissed the action for Plaintiff's failure to prosecute. Id. For these same reasons, the Court will dismiss Plaintiff's instant action for failure to prosecute.

## II. **Discussion**

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. [Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)](#). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of

> dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. See M.D. Pa. Local Rule 83.18. If his or her address changes in the course of the litigation, the litigant must immediately inform the court of such change. This Court's Standing Practice Order, which was previously provided to Plaintiff, similarly provides in relevant part as follows:

> A pro se plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 5 at 4). An action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P. 41(b).

3

Ruffin's last communication with this Court was his July 3, 2017 filing of an amended complaint and change of address. (Docs. 14, 16). Ruffin has not communicated with the Court since the filing of this motion. In addition to the Court's search in Ruffin v. Mooney, Civil No. 3:16-cv-1986, a current search of the Department of Corrections' inmate locator reveals that he has been released from custody. Thus, it is reasonable to conclude that Ruffin has abandoned this suit. Consequently, because Plaintiff's dilatoriness outweighs any other <u>Poulis</u> factor, this action will be dismissed. A separate Order will be issued.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 5, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0052-01.wpd